**ROBINSON BROG LEINWAND GREENE**
  **GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York 10022
A. Mitchell Greene
*Proposed Attorneys for the Debtor and Debtor in Possession*

<u>HEARING DATE AND TIME:</u>
March 25, 2014 at 9:45 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

**ROBERT ROMANOFF,**

                          Debtor.

-----------------------------------------------------------X

Chapter 11

Case No: 13-40002 (REG)

## DEBTOR'S MOTION FOR ENTRY OF ORDER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES WITH RESPECT THERETO AND FOR RELATED RELIEF

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

**Robert Romanoff,** the debtor and debtor in possession (the "Debtor"), by his proposed attorneys **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**, seeks the entry of an order pursuant to Section 1121 of Title 11 of the United States Code (the "Bankruptcy Code") extending the time within which the Debtor has the exclusive right to file a plan of reorganization and to solicit acceptances with respect thereto for 120 days and 60 days thereafter, respectively, through and including July 18, 2014 and September 16, 2014. In support thereof, the Debtor states:

{00666023.DOCX;1 }

## JURISDICTION AND VENUE

1. Jurisdiction over this application is vested in the United States District Court for this District pursuant to 28 U.S.C. § 1334.

2. This motion has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the *Standing Order of Reference Regarding Title 11* (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

3. This is a core proceeding arising under title 11 of the United States Code. See 28 U.S.C. § 157(b)(1). The statutory predicate for the relief sought is Section 1121 of the Bankruptcy Code.

4. Venue of this civil proceeding in this district is proper pursuant to 28 U.S.C § 1409.

## BACKGROUND

5. The Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 20, 2013 (the "Petition Date") with the Clerk of the Bankruptcy Court for the Southern District of New York, White Plains Division. An Order Directing Case to be Reassigned to Manhattan was signed by the Honorable Cecilia G. Morris on December 5, 2013, and the Debtor's case was transferred to the Manhattan Division and thereafter assigned to the Honorable Robert E. Gerber. No official committee of unsecured creditors has been appointed in this case by the Office of the United States Trustee as of the date of this Motion.

6. The Debtor is the owner of a home located at 76 Davis Avenue, Rye, New York 10580 (the "Rye Residence"). The Debtor's financial difficulties were caused by, amongst other things, litigation with Delshah Capital, LLC and its affiliates, and with Sheryl Romanoff and

{00666023.DOCX;1}

2

Gerald Romanoff. Pre-petition a judgment was entered against the Debtor by 55 Gans Lender, LLC, an affiliate of Delshah Capital, LLC in the approximate amount of $424,194.42[1]. This judgment is under appeal. As a result of this judgment, a judgment lien sale of the Rye Residence was scheduled for November 21, 2013. The Debtor filed his chapter 11 petition to invoke the automatic stay and stay the sale of his property and gain time to reorganize his financial affairs.

7. The Debtor purchased the Rye Residence as his primary residence in or about November 2005 and resided there with his family until September 2009. Currently, the Rye Residence is rented pursuant to a lease that commenced on November 1, 2012 and expires on April 30, 2014.

8. The Debtor's schedules reflect that the Rye Residence is the Debtor's most valuable asset. The Debtor has determined that a sale of the Rye Residence, his most valuable asset, and the distribution of the proceeds thereof will be the manner in which his plan of reorganization will be implemented. In order to obtain the maximum return to his estate, the Debtor has negotiated a listing agreement with Coldwell Banker to market the Rye Residence.

9. Debtor's proposed counsel drafted retention documents on the Debtor's behalf seeking authorization to retain Coldwell Banker as the Debtor's broker to market the Rye Residence and to obtain the maximum return to his estate. The form of retention documents have been submitted to the proposed broker for review and signature. The Debtor intends to submit the retention documents by notice to required parties, upon receipt from Coldwell Banker of the executed listing agreement and retention documents.

---

[1] 55 Gans Lender has filed its proof of claim no. 2 in the amount of $407,370.84 inclusive of interest through the Petition Date.

{00666023.DOCX;1}

3

10. In order to obtain the highest and best offer for the Rye Residence and maximize the return to the Debtor's estate, and, as the Rye residence is currently occupied through April 30, 2014 by a tenant, the Debtor requires additional time to seek bids for the Rye Residence and incorporate their terms into a proposed plan of reorganization.

11. In addition, the Debtor has submitted his application for an order establishing a bar date which application requests the Court fix April 28, 2014 as the bar date in this Debtor's case. Once the Bar Date has been fixed and subsequent to April 28, 2014, the Debtor will be able to evaluate the delimited universe of claims against him, which is an integral step towards his reorganization.

12. The Debtor anticipates that a contract for the sale of the Rye Residence will net sufficient funds to satisfy the obligations secured by the Rye Residence, which consists of the 55 Gans Lender judgment; a mortgage held by HSBC[2], and a home equity line of credit held by HSBC[3] which claims aggregate approximately $1,573,255.35, and which amount is less than the anticipated listing amount of $2,150,000 Debtor believes a sale of the Rye Residence will also result in funds being available for distribution to unsecured creditors. Subject to submission of the broker retention documents and entry of an order authorizing the Debtor to retain a broker, the Debtor is prepared to proceed with the marketing process and submits he will be in a position to draft a plan of reorganization upon the execution of a contract of sale for the Rye Residence. However, until the Debtor has had an opportunity to properly market the Rye Residence, he requires additional time to propose a feasible and confirmable plan of reorganization.

**RELIEF REQUESTED**

---

2 See proof of claim no. 6 filed in the amount of $718,447.56
3 See proof of claim no. 5filed in the amount of $447,807.79.

13. Pursuant to section 1121(b) of the Bankruptcy Code, the Debtor has the exclusive right to file a plan of reorganization during the first 120 days following the Petition Date (the "Exclusivity Period"). In addition, pursuant to Section 1121(c)(3) of the Bankruptcy Code, the Debtor is given the exclusive right to solicit acceptances to any plan filed during the Exclusivity Period for one hundred eighty (180) days following the Petition Date (the "Acceptance Period," together with the Exclusivity Period, the "Exclusive Periods"). Pursuant to Section 1121(d) of the Bankruptcy Code, this Court may extend the Exclusive Periods.

14. The current Exclusivity Period and Acceptance Period expire on March 20, 2014 and May 19, 2014, respectively. By this Motion, the Debtor seeks extensions of its Exclusivity Period and Acceptance Period through and including July 18, 2014 and September 16, 2014, respectively. The filing of a motion pursuant to Section 1121(d) prior to the expiration of the Exclusive Periods tolls the deadline pending resolution of such motion. See 11 U.S.C. § 1121(d)(1) ("[s]ubject to paragraph (2) on request of a party in interest made *within* the respective periods specified in subsections (b) and (c) of this section . . . the court may for cause reduce or increase the 120 day period or the 180 day period referred to in this section.") (emphasis added).

15. This is the Debtor's first request for an extension of his Exclusive Periods. The Debtor seeks the entry of an order: (i) extending the Exclusivity Period for 120 days to and including July 18, 2014, and (ii) in the event the Debtor timely files a plan within said extension, extending the Acceptance Period for 60 days to and including September 16, 2014; to ensure that this Court, the Debtor and other parties in interest are not distracted by the filing of any competing or premature plans.

16.    The Debtor respectfully submits he should be granted the requested extensions of the Exclusive Periods so that he will have sufficient time to, *inter alia,* market the Rye Residence, enter into a contract of sale, which will be subject to bankruptcy court approval, and formulate, file and confirm a plan of reorganization based upon this sale transaction.

## CAUSE EXISTS FOR AN EXTENSION OF THE EXCLUSIVE PERIODS

17.    The Debtor's Exclusive Periods may be extended by this Court for "cause" pursuant to Section 1121(d) of the Bankruptcy Code.

18.    The moving party bears the burden of establishing that cause exists for an extension of exclusivity under Section 1121(d) of the Bankruptcy Code. In re Texaco, Inc., 76 B.R. 322, 326 (Bankr.S.D.N.Y., 1987). Whether cause exists to extend a debtor's exclusive period is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See, e.g., In re Adelphia Commc'ns Corp., 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006), First American Bank of New York v. Southwest Gloves and Safety Equipment, Inc., 64 B.R. 963, 965 (D. Del. 1986); Texaco, 76 B.R. at 325; In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1987); In re Tony Downs Foods Co., 34 B.R. 405, 407 (Bankr. D. Minn. 1983). Bankruptcy courts exercise broad flexibility in making such determinations. See, H.R. Rep. No. 595, 95th Cong., 2d Sess. 232 (1978); See also In re Perkins, 71 B.R. 294 (W.D. Tenn. 1987) ("The hallmark of [Section 1121(d)] is flexibility").

19.    Bankruptcy courts generally focus on nine factors to determine whether a motion to extend exclusivity pursuant to 11 U.S.C. § 1121(d) should be granted:

(a)    the size and complexity of the case;
(b)    the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
(c)    the existence of good faith progress toward reorganization;

(d)   the fact that the debtor is paying its bills as they become due;
(e)   whether the debtor has demonstrated reasonable prospects for filing a viable plan;
(f)   whether the debtor has made progress in negotiations with its creditors;
(g)   the amount of time which has elapsed in the case;
(h)   whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
(i)   whether an unresolved contingency exists.

In re Adelphia 352 B.R. at 857.

20.   This is the Debtor's first request for an extension of his Exclusive Periods and the Debtor submits that the above factors militate towards granting the relief requested.

21.   The Debtor has been in bankruptcy for just under four (4) months. Certain administrative matters, including the intra district transfer and various judge reassignments in the case limited activity in the first 30 days from the Petition Date[4]. Since the Petition Date, the Debtor appeared at his Initial Debtor Interview and his 341 meeting is scheduled to proceed on March 21, 2014. The Debtor has submitted his bar date request and is in the process of submitting his broker retention application. The current lease for the Rye Residence expires on April 30, 2014. This lease provides the Debtor with rental income. The Debtor did not believe it made economic sense to: terminate the lease, potentially subject himself to potential lease rejection damages during the administrative period and limit his rental income after the Petition Date. In addition, in order to continue to receive some benefit from the Rye Residence after the lease terminates, we are advised that the Debtor and the current tenant have reached an agreement that will provide for a month to month tenancy to continue while the property is marketed, with the express understanding that the tenant will provide access to the home and not interfere with the marketing process.

---

4 In addition, there remains a pending objection to the Debtor's application for retention of bankruptcy counsel.

22. The Debtor believes the Rye Residence has significant value and the Debtor seeks to utilize that value to fund a plan of reorganization that will satisfy all requirements under Section 1129 of the Bankruptcy Code. Accordingly, the Debtor believes he has a reasonable prospect of filing a confirmable plan.

23. The Debtor submits that in light of the instant facts and circumstances and in order to provide the Debtor with sufficient time to market the property and review all timely filed claims after his Bar Date passes, that good cause exists to extend the Exclusive Periods. The Debtor believes that the requested extensions will promote the orderly reorganization of the Debtor without the need to devote unnecessary time, money and energy to defending against or responding to a competing plan.

24. The Debtor has served this application on the Office of the United States Trustee, its secured creditors and their counsel if known, the Debtor's 20 largest unsecured creditors, and all parties who have filed notices of appearance in this case. The Debtor submits that such service be deemed appropriate and sufficient under the circumstances.

25. No prior application for the relief sought has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court grant the relief sought in this motion and enter an order pursuant to Sections 1121(b), (c)(3) and (d) of the Bankruptcy Code: (i) extending the Debtor's exclusive right to file a plan of reorganization to and including **July 18, 2014**; (ii) and in the event that the Debtor files a plan of reorganization prior to **July 18, 2014,** extending the Debtor's right to solicit acceptances with respect thereto to and including **September 16, 2014**; and (iii) granting to the Debtor such other and further relief as may be just and appropriate.

**Dated:**  New York, New York
March 11, 2014

          **ROBINSON BROG LEINWAND**
           **GREENE GENOVESE & GLUCK P.C.**
          Proposed Attorneys for the Debtor
          875 Third Avenue, 9th Floor
          New York, New York 10022
          Tel. No.: 212-603-6300

By:   /s/ A. Mitchell Greene
        A. **Mitchell Greene**