ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
A. Mitchell Greene
*Attorneys for the Debtor and Debtor in Possession*

HEARING DATE AND TIME:
February 10, 2015 at 9:45 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

In re:

**ROBERT ROMANOFF,**

Debtor.
------------------------------------------------------X

Chapter 11

Case No: 13-40002 (REG)

## DEBTOR'S MOTION FOR ENTRY OF ORDER FURTHER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES WITH RESPECT THERETO AND FOR RELATED RELIEF

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

**Robert Romanoff,** the debtor and debtor in possession (the "Debtor"), by his attorneys **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**, seeks the entry of an order pursuant to Section 1121 of Title 11 of the United States Code (the "Bankruptcy Code") further extending the time within which the Debtor has the exclusive right to file a plan of reorganization and to solicit acceptances with respect thereto through and including May 20, 2015 and July 20, 2015 (the "Motion"). In support thereof, the Debtor states:

### JURISDICTION AND VENUE

1. Jurisdiction over this Motion is vested in the United States District Court for this District pursuant to 28 U.S.C. § 1334.

2. This Motion has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the *Standing Order of Reference Regarding Title 11* (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

3. This is a core proceeding arising under title 11 of the United States Code. See 28 U.S.C. § 157(b)(1). The statutory predicate for the relief sought is Section 1121 of the Bankruptcy Code.

4. Venue of this civil proceeding in this district is proper pursuant to 28 U.S.C § 1409.

## BACKGROUND

5. The Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 20, 2013 (the "Petition Date") with the Clerk of the Bankruptcy Court for the Southern District of New York, White Plains Division. An Order Directing Case to be Reassigned to Manhattan was signed by the Honorable Cecilia G. Morris on December 5, 2013, and the Debtor's case was transferred to the Manhattan Division and thereafter assigned to the Honorable Robert E. Gerber. No official committee of unsecured creditors has been appointed in this case by the Office of the United States Trustee as of the date of this Motion.

6. The Debtor is the owner of a home located at 76 Davis Avenue, Rye, New York 10580 (the "Rye Residence"). The Debtor's financial difficulties were caused by, amongst other things, litigation with Delshah Capital, LLC and its affiliates, and with Sheryl Romanoff and Gerald Romanoff. Pre-petition a judgment was entered against the Debtor by 55 Gans Lender, LLC, an affiliate of Delshah Capital, LLC in the approximate amount of $424,194.42[1]. This

---

[1] 55 Gans Lender has filed its proof of claim no. 2 in the amount of $407,370.84 inclusive of interest through the

judgment is under appeal. As a result of this judgment, a judgment lien sale of the Rye Residence was scheduled for November 21, 2013. The Debtor filed his chapter 11 petition to invoke the automatic stay and stay the sale of the Rye Residence and gain time to reorganize his financial affairs.

7. In March of 2014, the Debtor sought and obtained authority to retain Coldwell Banker as his real estate broker to market and sell the Rye Residence. The exclusive listing agreement with Coldwell Banker expired as of September 5, 2014. By order entered on November 5, 2014 (ECF doc. no. 89), the Debtor was authorized to retain Re/Max Distinguished Home & Properties as his real estate broker.

8. Since the Re/Max retention, the Rye Residence has been listed on the Multiple Listing Service, Trulia.com, Realtor.com and Zillow and between December 14, 2014 and January 14, 2015, there have been five (5) open houses/showings for the home. Debtor is advised that Nelly Lopez, the real estate salesperson at Re/Max is also scheduling a broker open to take place in the next few weeks. The Rye Residence is currently listed at $1,900,000. The Debtor is reviewing the feedback from the various agents and their clients who have viewed the home in order to determine if the list price for the home is appropriate and is considering a price reduction.

9. The Debtor's schedules reflect that the Rye Residence is the Debtor's most valuable asset. The Debtor intends to implement his plan of reorganization by selling the Rye Residence and utilizing the net sale proceeds to make distributions to his creditors, in accordance with the Bankruptcy Code priorities. The Debtor therefore requires additional time to continue

---

Petition Date.

to market the Rye Residence. The Debtor however recognizes that he must proceed on dual tracks and seek to sell other assets in order to fund any proposed plan of reorganization in the event that the Rye Residence is not subject to a contract prior to the expiration of the Section 1121(d)(2)(A) and (B) deadlines, which will expire on May 20 and July 20, 2015, respectively.

10. Therefore, in addition to continuing to market the Rye Residence, the Debtor is pursuing other sources for the funding of his plan of reorganization. By motion filed on October 16, 2014 (ECF doc. no. 83), the Debtor sought authority to sell his 2001 Ferrari Barchetta. Pursuant to the order authorizing and approving the sale of the car (ECF doc. no. 94), the sum of $115,000 of the sale proceeds is currently being held in escrow by Debtor's counsel as adequate protection for the judgment lien against the Debtor in favor of 55 Gans Lender.

11. The Debtor is also prepared to seek authority to sell certain artwork as set forth on his personal property schedules[2] and utilize the net proceeds as an alternative or supplemental funding source for his plan in the event the Rye Residence is not in contract on or before May 20, 2015.

12. The Debtor is also prosecuting his motion objecting to the proof of claim filed by Sheryl Romanoff in the amount of $1,125,321.59. The final adjudication of this claim objection will substantially impact the potential recovery to the Debtor's unsecured creditors.

13. The Debtor anticipates that a contract for the sale of the Rye Residence will net sufficient funds to satisfy the obligations secured by the Rye Residence, which consists of the 55 Gans Lender judgment; a mortgage held by HSBC[3], and a home equity line of credit held by

---

2 The artwork is subject to a security interest in favor of AF Funding, LLC pursuant to a note and loan and security agreement. AF Funding filed its proof of claim no. 7 in the principal amount of $270,000 which claim sets forth an estimated value of the artwork to be $640,000.
3 See amended proof of claim no. 6 filed on December 29, 2014, in the amount of $667,742.66.

HSBC[4] which claims aggregate approximately $1,522,921.29. Debtor believes a sale of the Rye Residence will also result in funds being available for distribution to unsecured creditors. However, in order to be in a position to fund his plan of reorganization, whether by a sale of the Rye Residence or by other means of implementation, if necessary, the Debtor will market or seek authority to retain a broker or auctioneer to market his artwork which he believes will net funds well in excess of the security interest in favor of AF Funding. Debtor therefore submits that additional time is required to continue to market the Rye Residence, prosecute the claims objection and if necessary to liquidate additional assets before he will be in a position to propose a feasible and confirmable plan of reorganization.

## RELIEF REQUESTED

14. Pursuant to section 1121(b) of the Bankruptcy Code, the Debtor has the exclusive right to file a plan of reorganization during the first 120 days following the Petition Date (the "Exclusivity Period"). In addition, pursuant to Section 1121(c)(3) of the Bankruptcy Code, the Debtor is given the exclusive right to solicit acceptances to any plan filed during the Exclusivity Period for one hundred eighty (180) days following the Petition Date (the "Acceptance Period," together with the Exclusivity Period, the "Exclusive Periods"). Pursuant to Section 1121(d) of the Bankruptcy Code, this Court may extend the Exclusive Periods.

15. The current Exclusivity Period and Acceptance Period expire on January 14, 2015 and March 17, 2015, respectively. By this Motion, the Debtor seeks further extensions of his Exclusive Periods through and including May 20, 2015 and July 20, 2015, respectively. The filing of a motion pursuant to Section 1121(d) prior to the expiration of the Exclusive Periods

---

4 See proof of claim no. 5 filed in the amount of $447,807.79.

tolls the deadline pending resolution of such motion. See 11 U.S.C. § 1121(d)(1) ("[s]ubject to paragraph (2) on request of a party in interest made *within* the respective periods specified in subsections (b) and (c) of this section . . . the court may for cause reduce or increase the 120 day period or the 180 day period referred to in this section.") (emphasis added).

16. This is the Debtor's fourth request for an extension of his Exclusive Periods. The Debtor seeks the entry of an order: (i) extending the Exclusivity Period through and including May 20, 2015, and (ii) in the event the Debtor timely files a plan within said extension, extending the Acceptance Period through and including July 20, 2015, to ensure that this Court, the Debtor and other parties in interest are not distracted by the filing of any competing or premature plans. Pursuant to Section 1121(d)(2)(A), "[T]he 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter." Pursuant to Section 1121(d)(2)(B), "[T]he 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter." By this Motion, the Debtor seeks extensions of his Exclusivity and Acceptance Periods through and including May 20 and July 20, 2015, which are the 18 month and 20 month deadlines respectively as set forth in Section 1121(d)[5].

17. The Debtor respectfully submits he should be granted the requested extensions of the Exclusive Periods so that he will have sufficient time to, *inter alia,* market the Rye Residence with his new broker, enter into a contract of sale, which will be subject to bankruptcy court approval, litigate the claim objection to its conclusion, seek to liquidate other assets as a potential source of funding and thereafter formulate, file and confirm a plan of reorganization.

---

5 Debtor reserves any and all rights he may have to seek further extensions of these time periods, including, but not limited to pursuant to Section 105 of the Bankruptcy Code.

## CAUSE EXISTS FOR AN EXTENSION OF THE EXCLUSIVE PERIODS

18. The Debtor's Exclusive Periods may be extended by this Court for "cause" pursuant to Section 1121(d) of the Bankruptcy Code.

19. The moving party bears the burden of establishing that cause exists for an extension of exclusivity under Section 1121(d) of the Bankruptcy Code. In re Texaco, Inc., 76 B.R. 322, 326 (Bankr.S.D.N.Y., 1987). Whether cause exists to extend a debtor's exclusive period is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See, e.g., In re Adelphia Commc'ns Corp., 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006), First American Bank of New York v. Southwest Gloves and Safety Equipment, Inc., 64 B.R. 963, 965 (D. Del. 1986); Texaco, 76 B.R. at 325; In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1987); In re Tony Downs Foods Co., 34 B.R. 405, 407 (Bankr. D. Minn. 1983). Bankruptcy courts exercise broad flexibility in making such determinations. *See*, H.R. Rep. No. 595, 95th Cong., 2d Sess. 232 (1978); See also In re Perkins, 71 B.R. 294 (W.D. Tenn. 1987) ("The hallmark of [Section 1121(d)] is flexibility").

20. Bankruptcy courts generally focus on nine factors to determine whether a motion to extend exclusivity pursuant to 11 U.S.C. § 1121(d) should be granted:

(a) the size and complexity of the case;
(b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
(c) the existence of good faith progress toward reorganization;
(d) the fact that the debtor is paying its bills as they become due;
(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
(f) whether the debtor has made progress in negotiations with its creditors;
(g) the amount of time which has elapsed in the case;
(h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
(i) whether an unresolved contingency exists.

In re Adelphia 352 B.R. at 857.

21.     This is the Debtor's fourth request for an extension of his Exclusive Periods and the Debtor submits that the above factors militate towards granting him the relief requested.

22.     The Debtor believes the Rye Residence along with other of his assets have significant value and the Debtor seeks to utilize that value to fund a plan of reorganization that will satisfy all requirements under Section 1129 of the Bankruptcy Code.  Accordingly, the Debtor believes he has a reasonable prospect of filing a confirmable plan.

23.     The Debtor submits that in light of the instant facts and circumstances and in order to provide the Debtor with sufficient time to market the Rye Residence, prosecute the claims objection motion, and seek to liquidate additional assets, that good cause exists to extend the Exclusive Periods.  The Debtor believes that the requested extensions will promote the orderly reorganization of the Debtor without the need to devote unnecessary time, money and energy to defending against or responding to a competing plan.

24.     The Debtor has served this Motion on the Office of the United States Trustee, his secured creditors and their counsel if known, the Debtor's 20 largest unsecured creditors, and all parties who have filed notices of appearance in this case.  The Debtor submits that such service be deemed appropriate and sufficient under the circumstances.

25.     No prior application for the relief sought has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court grant the relief sought in this Motion and enter an order pursuant to Sections 1121(b), (c)(3) and (d) of the Bankruptcy Code: (i) extending the Debtor's exclusive right to file a plan of reorganization to and including

**May 20, 2015;** (ii) and in the event that the Debtor files a plan of reorganization prior to **May 20, 2015,** extending the Debtor's right to solicit acceptances with respect thereto to and including **July 20, 2015**; and (iii) granting to the Debtor such other and further relief as may be just and appropriate.

Dated: New York, New York
       January 14, 2015

                                  **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**
                                  Attorneys for the Debtor
                                  875 Third Avenue, 9th Floor
                                  New York, New York 10022
                                  Tel. No.: 212-603-6300

                                  By: <u>/s/ A. Mitchell Greene</u>
                                          **A. Mitchell Greene**